UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JIA-YU HSIAO,

Petitioner,

v.

ICE FIELD OFFICER, FUTURE WARDEN CALIFORNIA CITY, *et al.*,

Respondents.

Case No. 1:26-cv-04143 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Jia-Yu Hsiao is a noncitizen who has lived in the United States since lawfully entering the country pursuant to the Visa Waiver Program ("VWP") in 2019. She was detained by U.S. Immigration and Customs Enforcement ("ICE") on May 29, 2026. Before the Court is her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court grants the petition and orders her immediate release.

## I. BACKGROUND

Petitioner—who is a native and citizen of Taiwan—entered the United States on November 12, 2019 through the Visa Waiver Program ("VWP") with an expiration date of February 8, 2020. Dkt. No. 1 ¶ 34. Following her entry, she met and married a United States citizen whom she shares a child with. *Id.* ¶ 35. Her and her husband both work together at a restaurant. *Id.*

On June 2, 2023, Petitioner's husband filed a Petition for Alien Relative on Petitioner's behalf, and Petitioner applied for Adjustment of Status based on that application. *Id.* ¶ 36. Petitioner was scheduled for an Adjustment of Status Interview with USCIS on April 21, 2026 to

continue processing these applications. *Id*. Petitioner attended the interview without issue. *Id*.

Nine days after the April 21, 2026 interview, Petitioner was scheduled for a follow-up appointment at USCIS. *Id*. ¶ 38. She attended this interview as instructed and was detained. *Id*. That same day, the Department of Homeland Security ("DHS") issued Petitioner a "Final Administrative Order of Removal" as a VWP violator. Dkt. No. 5-3 at 1. The order states that Petitioner has "limited judicial appeal rights," and that "DHS will proceed with your removal from the United States unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending[.]"*Id*.

Petitioner appealed that order to the Ninth Circuit on June 22, 2026, and claims that the Ninth Circuit has issued a temporary stay of her removal. *See* Dkt. No. 6 at 1. It also appears that she has since applied for asylum, though the record is not clear on when that application was submitted or what the status of that application is. *See* Dkt. No. 8 at 2; Dkt. No. 9 at 6–7. Neither party has indicated that the stay of Petitioner's removal has been lifted or that the Ninth Circuit has denied the petition for review of her removal order.

## II. DISCUSSION

Petitioner asserts that her detention violates both her substantive and procedural due process rights under the Fifth Amendment, as well as the Administrative Procedure Act. Dkt. No. 1 ¶¶ 43–64. Respondents oppose relief, arguing that Petitioner's detention is lawful under both 8 U.S.C. § 1187(c)(2)(E) as a VWP violator, and 8 U.S.C. § 1231(a)(2) because she is subject to a final order of removal. *See* Dkt. No. 5 at 2–3; Dkt. No. 8 at 1–2. The Court first addresses the statutory basis for Petitioner's detention before turning to her due process claim.

### A. Petitioner is Not Subject to Mandatory Detention Under 8 U.S.C. § 1187(c)(2)(E) or 8 U.S.C. § 1231(a)(2)

The Court rejects Respondents' argument that Petitioner's detention is controlled—and mandatory—under § 1187(c)(2)(E). Section 1187 sets out rules and procedures, generally, for the execution of the Visa Waiver Program. However, "[t]he plain language of the [subsection Respondents rely on here] indicates that it is not a detention statute[,]" *Lazcano v. Warden/*

*Facility Adm'r California City Immigr. Processing Ctr.*, No. 1:26-CV-05916-JLT-EPG, 2026 WL 2428058, at *3 (E.D. Cal. Aug. 19, 2026):

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1187(c)(2)(E). As multiple courts have found, the text of § 1187(c)(2)(E) simply does not confer detention authority. *See, e.g.*, *Quispe v. Chestnut*, No. 1:25-CV-2002 CSK, 2026 WL 654577, at *2 (E.D. Cal. Mar. 9, 2026) (collecting cases); *Lee v. Warden, Buffalo Fed. Det. Facility*, No. 6:26-CV-6380 EAW, 2026 WL 1413151, at *4 (W.D.N.Y. May 20, 2026) (holding that the VWP does not have its own detention provision, and the detention of an alien must instead arise from one of the other statutory provisions expressly covering aliens subject to detention during their removal proceedings). Accordingly, Petitioner may not be lawfully detained under that statute.

Respondents' secondary argument that Petitioner may be detained under § 1231(a)(2) is a closer question. Section 1231(a)(2) is the statutory basis for detention once "an alien is ordered removed and enters the removal period, which begins on the date the order of removal becomes administratively final." *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021). As such, Respondents argue that Petitioner's Final Administrative Order Petitioner issued on the day of her arrest constitutes a final order triggering detention under § 1231(a)(2). Dkt. No. 8 at 1–2. In response, Petitioner argues that this order is not final because its execution is currently stayed by the Ninth Circuit. Dkt. No. 9 at 6–7. Neither party, however, addresses Petitioner's pending asylum application, which is critical to the finality of Petitioner's order or removal.

A noncitizen admitted to the United States under the VWP waives all rights "to contest, other than on the basis of an application for asylum, any action for removal[.]" 8 U.S.C. §

1187(b)(2). In waiving these rights, "VWP entrants are not entitled to full removal proceedings under Immigration and Nationality Act § 240[.]" *Nicusor-Remus v. Sessions*, 902 F.3d 895, 897 (9th Cir. 2018) (citation omitted). Rather, "[a] VWP entrant's removability 'shall be determined by the district director who has jurisdiction over the place where the alien is found, and shall be effected without referral of the alien to an immigration judge for a determination of deportability' unless the alien applies for asylum." *Bingham v. Holder*, 637 F.3d 1040, 1042 (9th Cir. 2011). "DHS's determination of a VWP entrant's removability constitutes an 'order of removal.'" *Nicusor-Remus*, 902 F.3d at 898. But, "[i]f the VWP entrant seeks asylum, they are referred to an IJ for asylum-only proceedings." *Barre v. Larose*, No. 26-CV-03088-JAO-VET, 2026 WL 1471898, at *1 (S.D. Cal. May 26, 2026) (internal citation omitted). "[T]he denial of an asylum application in asylum-only proceedings 'finalizes' DHS's removal order of a VWP entrant because the VWP entrant is entitled to no other forms of relief." *Nicusor-Remus*, 902 F.3d at 898.

In line with the above, courts have found that orders of removal issued pursuant to the VWP—as was the case with Petitioner's removal order here—are not final where the noncitizen has a pending application for asylum. *See, e.g.*, *AMM v. Thompson*, No. SA-25-CV-1210-FB (HJB), 2025 WL 3296316, at *3 (W.D. Tex. Nov. 18, 2025), *report and recommendation adopted*, No. SA-25-CV-01210-FB, 2025 WL 3296315 (W.D. Tex. Nov. 26, 2025) (citing circuit precedent); *Kammerer v. Vergara*, No. 1:26-CV-1625-RP, 2026 WL 1998622, at *2 (W.D. Tex. July 10, 2026) ("Every circuit court that has thus far considered this issue has concluded that a VWP FARO is *not* final until the noncitizen's application for asylum—if one has been timely filed—has been denied."). Though the record is not clear on when Petitioner's asylum application was filed, or the current status of that application, both parties have indicated that one was filed. As Petitioner's VWP order of removal is not administratively final until that asylum application is resolved, § 1231(a)(2) cannot control her detention.

Respondents' reliance on *Johnson v. Guzman Chavez* and *Riley v. Bondi* does not alter this conclusion. Both *Guzman Chavez* and *Riley* considered the effect of withholding-of-removal

proceedings on the finality of removal orders, but not the effect of asylum proceedings. In *Guzman Chavez*, the Supreme Court explained that an application for withholding-only relief does not affect the finality of an order of removal, given that withholding-only relief "relates to *where* an alien may be removed[,]" and "says nothing, however, about the antecedent question *whether* an alien is to be removed from the United States." 594 U.S. at 536 (emphasis in original). The Supreme Court, however, "distinguished withholding-only relief from asylum, noting that 'a grant of asylum permits an alien to remain in the United States and to apply for permanent residency after one year.'" *Id.* (quoting *I.N.S. v. Aguirre-Aguirre*, 526 U.S. 415, 419 (1999)). "This discussion in *Guzman Chavez* clearly implies that, for purposes of § 1231, a [VWP order of removal] is not final when an alien is seeking relief which, unlike withholding, *does* say something about '*whether* an alien is to be removed from the United States.' Asylum fits the bill[,]" as a grant of asylum allows an individual to remain in the United States, and later seek lawful status. *AMM*, 2025 WL 3296316, at *6.

**B. Due Process**

As Respondents have not pointed to any statute under which Petitioner may be lawfully detained, her continued detention is unlawful and in violation of her due process rights. "Civil immigration detention is 'nonpunitive in purpose and effect,' thus, a 'special justification' must outweigh Petitioner's protected liberty interest in order for detention to comport with due process." *Damian D.D. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-06855-TLN-CSK, 2026 WL 2621042, at *3 (E.D. Cal. Sept. 4, 2026) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)). Here, Respondents do not dispute that Petitioner has a liberty interest in her continued freedom, nor could they. She entered the United States lawfully in 2019, married a United States citizen, had a child who is also a United States citizen, and then applied for immigration relief following the expiration of her VWP status. The Government did not detain her throughout this entire period. As Respondents have not offered any lawful statutory basis for revocation of Petitioner's liberty, nor have they offered any additional justification, her continued detention violates due process and she must be released. *Damian D.D.*, 2026 WL

2621042, at *3 ("Without applicable detention authority, sufficient justification, or an interest in detaining Petitioner, the Court finds Respondents have violated the Fifth Amendment in Petitioner's continued detention"); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) (similar).

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Petition for Writ of Habeas Corpus is GRANTED. Respondents shall immediately release Petitioner from custody. The Federal Government is enjoined and restrained from re-arresting or re-detaining Petitioner unless she becomes subject to a final and executable order of removal, or they comply with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present.

**IT IS SO ORDERED.**

Dated: September 22, 2026

VINCE CHHABRIA
United States District Judge